## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FISHER-PRICE, INC. and MATTEL, INC.,<br><br>          Plaintiffs,<br><br>          v.<br><br>DYNACRAFT BSC, INC.,<br><br>          Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiffs Fisher-Price, Inc. ("Fisher-Price") and Mattel, Inc. ("Mattel"), by and through their attorneys, for their Complaint against Dynacraft BSC, Inc. ("Dynacraft"), hereby allege as follows:

## **PARTIES**

1. Plaintiff Fisher-Price, a corporation organized under the laws of Delaware having its principal place of business in East Aurora, New York, is one of the world's leading designers and makers of children's products, including battery-powered ride-on products. Fisher-Price's battery-powered ride-ons are sold under the Power Wheels name, and Power Wheels is a recognized brand leader in the battery-powered ride-on market segment. Fisher-Price is a wholly-owned subsidiary of Mattel.

2. Plaintiff Mattel, a corporation organized under the laws of Delaware having its principal place of business in El Segundo, California, is one of the world's leading designers and makers of toys.

3.      On information and belief, defendant Dynacraft is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business at 89 South Kelly Road, American Canyon, CA 94503.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*.

5.      This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Dynacraft because upon information and belief, it conducts business in this judicial district and has committed acts of patent infringement in the judicial district including, *inter alia*, making, using, selling, offering for sale, and/or importing infringing ride-on products, including the 24V Disney Princess Carriage ride-on product (hereinafter "Accused Products") in this judicial district. In addition, Dynacraft regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) and § 1400(b).

## BACKGROUND

8.      United States Patent No. 7,222,684 ("the '684 patent"), entitled "System, Apparatus, and Method for Providing Control of a Toy Vehicle," was duly and legally issued on May 29, 2007 naming David A. Norman, Robert H. Mimlitch, III, and Richard Torrance as inventors, and is in full force and effect. A true and correct copy of the '684 patent is attached as Exhibit A.

9. Plaintiff Mattel is the owner of the '684 patent by way of assignment from Innovation First, Inc.

10. United States Patent No. 7,487,850 ("the '850 patent"), entitled "Children's Ride-On Vehicles Having Improved Shifter Assemblies," was duly and legally issued on February 10, 2009 naming Christopher F. Lucas and John Rhein as inventors, and is in full force and effect. A true and correct copy of the '850 patent is attached as Exhibit B.

11. Plaintiff Mattel is the owner of the '850 patent by way of assignments from Christopher F. Lucas and John Rhein.

12. United States Patent No. 7,621,543 ("the '543 patent"), entitled "Blow-Molded Wheels Having Undercut Treads, Methods for Producing the Same, and Children's Ride-On Vehicles Including the Same," was duly and legally issued on November 24, 2009 naming Albert L. Arendt, James R. Carducci, and Christopher F. Lucas as inventors, and is in full force and effect. A true and correct copy of the '543 patent is attached as Exhibit C.

13. Plaintiff Mattel is the owner of the '543 patent by way of assignments from Albert L. Arendt, Christopher F. Lucas, and James R. Carducci.

14. United States Patent No. 7,950,978 ("the '978 patent"), entitled "System, Apparatus and Method for Providing Control of a Toy Vehicle," was duly and legally issued on May 31, 2011 naming David A. Norman, Robert H. Mimlitch, III, and Richard D. Torrance as inventors, and is in full force and effect. A true and correct copy of the '978 patent is attached as Exhibit D.

15. Plaintiff Mattel is the owner of the '978 patent by way of assignment from Innovation First, Inc.

16. Plaintiff Mattel has granted Plaintiff Fisher-Price an exclusive license to the '684 patent, the '850 patent, the '543 patent, and the '978 patent and Plaintiff Fisher-Price has the sole right to make, use, and sell the inventions claimed by the '684 patent, the '850 patent, the '543 patent, and the '978 patent.

17. After incurring considerable research and development costs, Fisher-Price is in the process of releasing a new line of battery-powered ride-on products with electronic speed controls that, *inter alia*, practice the technology of the '684 and '978 patents. This technology will be included in, *e.g.*, Fisher-Price's Power Wheels ride-ons with Smart Drive™ and Smooth Start Technology™. Electronic speed control technology allows a child's ride-on to soft-start, or accelerate more smoothly, which reduces the abrupt nature in which many children's battery-powered ride-ons start. As part of their development efforts, Fisher-Price and Mattel acquired the '684 and '978 patents from Innovation First, a former component supplier to Fisher-Price for the manufacture of battery-powered ride-ons. In contrast to Fisher-Price's approach, and just as Fisher-Price's new line was reaching market, Dynacraft released the Accused Products with an electronic speed control circuit without rights to any of Fisher-Price's and Mattel's patents. Moreover, on information and belief, Dynacraft developed its speed control circuit by copying the design of a prior Innovation First electronic speed control circuit board that was incorporated into Fisher-Price Power Wheels products. Dynacraft also released the Accused Products without rights to certain Fisher-Price and Mattel shifter and wheel patents, described below, that apply to them.

18. Plaintiff Fisher-Price has complied with the requirements of 35 U.S.C. § 287 with respect to at least the '850 patent, the '978 patent and the '684 patent.

## COUNT I

## PATENT INFRINGEMENT
### (Infringement of the '684 Patent)

19.     Plaintiffs Fisher-Price and Mattel repeat and reallege the allegations of paragraphs 1 through 18 as if set forth herein.

20.     Dynacraft has directly infringed and continues to directly infringe at least claims 1-3, 5-6, 9, 11-13, 15-16, 22-24, 27-28, 32-34, and 37-38 of the '684 patent. For example, Dynacraft has directly infringed and continues to directly infringe the '684 patent in violation of 35 U.S.C. § 271(a) by using in the United States, without authority, at least the Accused Products so as to practice, either literally or under the doctrine of equivalents, each step of at least the method claims of the '684 patent identified above.

21.     Dynacraft has also directly infringed and continues to directly infringe the '684 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States, without authority, at least the Accused Products which embody, either literally or under the doctrine of equivalents, each element of at least the apparatus claims of the '684 patent identified above.

22.     A claim chart detailing infringement of the '684 patent is attached hereto as Exhibit E.

23.     Dynacraft continues to promote, advertise, and instruct customers and potential customers about the Accused Products and how to use them, including infringing uses under 35 U.S.C. § 271. Dynacraft's promotion, advertising, and instruction efforts include, at a minimum, publication of owner's manuals for the Accused Product, one of which is attached hereto as Exhibit F. *See* http://www.dynacraftwheels.com/pub/media/Support_Documents /8802-64_20160420_small.pdf. Upon information and belief, Dynacraft engages in these acts

01:21441080.1

with the actual intent to cause the acts which it knows or should know would constitute direct infringement by third parties, including end users of the Accused Products. Thus, Dynacraft is inducing infringement of at least claims 1-3, 5-6, 9, 22-24, 27-28, and 37 in violation of 35 U.S.C. § 271(b).

24. Dynacraft sells the Accused Products to third parties in the United States for use in practicing the patented methods, knowing that such products are material to practicing the claimed inventions, and are not staple articles or commodities of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). For example, the Accused Products constitute a material part of the invention claimed in the '684 patent at least because they contain all of the components to generate the claimed transition signal for soft-start acceleration. The Accused Products are made or especially adapted for use in an infringement of the '684 patent and have no substantial non-infringing uses at least because they contain components to generate the claimed transition signal for soft-start acceleration. The use of the Accused Products during normal operation by Dynacraft's direct and indirect customers directly infringes the '684 patent. Thus, Dynacraft is contributing to infringement of at least claims 1-3, 5-6, 9, 22-24, 27-28, and 37 of the '684 patent in violation of 35 U.S.C. § 271(c).

25. Dynacraft's infringement of the '684 patent is willful pursuant to 35 U.S.C. § 284, at least as of the filing of this complaint. Despite Dynacraft's knowledge of and notice of the '684 patent and its infringement, Dynacraft continues to make, have made, use, sell and/or offer to sell within the United States, and/or import into the United States, without authority, the Accused Products which infringe the '684 patent, and continues to promote, advertise, and instruct customers and potential customers about infringing uses of the Accused Products.

Dynacraft lacks a justifiable belief that it does not infringe the '684 patent, or that the '684 patent is invalid, and acts recklessly in its infringing activity.

26. Dynacraft's acts of infringement have caused Fisher-Price and Mattel to sustain monetary damage, loss and injury, in an amount to be determined at trial.

27. Dynacraft's acts of infringement will continue to be willful and deliberate, and unless enjoined by this Court, will continue to cause Fisher-Price and Mattel to sustain irreparable damage, loss and injury, for which Fisher-Price and Mattel have no adequate remedy at law.

## COUNT II

### PATENT INFRINGEMENT
### (Infringement of the '850 Patent)

28. Plaintiffs Fisher-Price and Mattel repeat and reallege the allegations of paragraphs 1 through 18 as if set forth herein.

29. Dynacraft has directly infringed and continues to directly infringe at least claims 1-2, 4, 6-7, and 10-14 of the '850 patent. For example, Dynacraft has directly infringed and continues to directly infringe the '850 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States, without authority, at least the Accused Products which embody, either literally or under the doctrine of equivalents, each element of at least the claims of the '850 patent identified above.

30. A claim chart detailing infringement of the '850 patent is attached hereto as Exhibit G.

31. Dynacraft's infringement of the '850 patent is willful pursuant to 35 U.S.C. § 284 at least as of the filing of this complaint. Despite Dynacraft's knowledge of and notice of the

01:21441080.1

'850 patent and its infringement, Dynacraft continues to make, have made, use, sell and/or offer to sell within the United States, and/or import into the United States, without authority, at least the Accused Products which infringe the '850 patent. Dynacraft lacks a justifiable belief that it does not infringe the '850 patent, or that the '850 patent is invalid, and acts recklessly in its infringing activity.

32. Dynacraft's acts of infringement have caused Fisher-Price and Mattel to sustain monetary damage, loss and injury, in an amount to be determined at trial.

33. Dynacraft's acts of infringement will continue to be willful and deliberate, and unless enjoined by this Court, will continue to cause Fisher-Price and Mattel to sustain irreparable damage, loss and injury, for which Fisher-Price and Mattel have no adequate remedy at law.

## COUNT III

### PATENT INFRINGEMENT
### (Infringement of the '543 Patent)

34. Plaintiffs Fisher-Price and Mattel repeat and reallege the allegations of paragraphs 1 through 18 as if set forth herein.

35. Dynacraft has directly infringed and continues to directly infringe at least claims 1, 5-8, and 10 of the '543 patent. For example, Dynacraft has directly infringed and continues to directly infringe the '543 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States, without authority, at least the Accused Products which embody, either literally or under the doctrine of equivalents, each element of at least the claims of the '543 patent identified above.

36. A claim chart detailing infringement of the '543 patent is attached hereto as Exhibit H.

37. Dynacraft's infringement of the '543 patent is willful pursuant to 35 U.S.C. § 284 at least as of the filing of this complaint. Despite Dynacraft's knowledge of and notice of the '543 patent and its infringement, Dynacraft continues to make, have made, use, sell and/or offer to sell within the United States, and/or import into the United States, without authority, at least the Accused Products which infringe the '543 patent. Dynacraft lacks a justifiable belief that it does not infringe the '543 patent, or that the '543 patent is invalid, and acts recklessly in its infringing activity.

38. Dynacraft's acts of infringement have caused Fisher-Price and Mattel to sustain monetary damage, loss and injury, in an amount to be determined at trial.

39. Dynacraft's acts of infringement will continue to be willful and deliberate, and unless enjoined by this Court, will continue to cause Fisher-Price and Mattel to sustain irreparable damage, loss and injury, for which Fisher-Price and Mattel have no adequate remedy at law.

## COUNT IV

## PATENT INFRINGEMENT
### (Infringement of the '978 Patent)

40. Plaintiffs Fisher-Price and Mattel repeat and reallege the allegations of paragraphs 1 through 18 as if set forth herein.

41. Dynacraft has directly infringed and continues to directly infringe at least claims 1-3, 5-6, 8-10, 13-14, 21, and 24 of the '978 patent. For example, Dynacraft has directly infringed and continues to directly infringe the '978 patent in violation of 35 U.S.C. § 271(a) by making, having made, using, selling and/or offering to sell within the United States, and/or

importing into the United States, without authority, at least the Accused Products which embody, either literally or under the doctrine of equivalents, each element of at least the claims of the '978 patent identified above.

42. A claim chart detailing infringement of the '978 patent is attached hereto as Exhibit I.

43. Dynacraft's infringement of the '978 patent is willful pursuant to 35 U.S.C. § 284 at least as of the filing of this complaint. Despite Dynacraft's knowledge of and notice of the '978 patent and its infringement, Dynacraft continues to make, have made, use, sell and/or offer to sell within the United States, and/or import into the United States, without authority, at least the Accused Products which infringe the '978 patent. Dynacraft lacks a justifiable belief that it does not infringe the '978 patent, or that the '978 patent is invalid, and acts recklessly in its infringing activity.

44. Dynacraft's acts of infringement have caused Fisher-Price and Mattel to sustain monetary damage, loss and injury, in an amount to be determined at trial.

45. Dynacraft's acts of infringement will continue to be willful and deliberate, and unless enjoined by this Court, will continue to cause Fisher-Price and Mattel to sustain irreparable damage, loss and injury, for which Fisher-Price and Mattel have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Fisher-Price and Mattel request entry of judgment in their favor and against Dynacraft that:

(a)  Dynacraft has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '684 patent, the '850 patent, the '543 patent, and the '978 patent;

(b)  Dynacraft has willfully infringed one or more claims of the '684 patent, the '850 patent, the '543 patent, and the '978 patent;

(c)  Fisher-Price and Mattel be awarded damages, including pre-judgment and post-judgment interest, in an amount adequate to compensate for Dynacraft's infringement of the '684 patent, the '850 patent, the '543 patent, and the '978 patent, and that the damages be trebled pursuant to 35 U.S.C §284;

(d)  Dynacraft and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, be permanently enjoined from committing further acts of infringement of any one or more claims of the '684 patent, the '850 patent, the '543 patent, and the '978 patent pursuant to 35 U.S.C. § 283;

(e)  Fisher-Price and Mattel be awarded their costs, expenses and attorney fees in this action pursuant to 35 U.S.C. § 285; and

(f)  Fisher-Price and Mattel be awarded such other and further relief as this Court may deem to be just and proper.

## **JURY DEMAND**

Plaintiffs Fisher-Price and Mattel demand a trial by jury.

Dated:  January 17, 2017          **YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Pilar G. Kraman (#5199) *[pkraman@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
kpascale@ycst.com
pkraman@ycst.com

OF COUNSEL:

John R. Hutchins
**ANDREWS KURTH KENYON LLP**
1350 I Street NW, Suite 1100
Washington, D.C. 20005
Telephone  (202) 662-2700
Facsimile   (202) 662-2739
johnhutchins@andrewskurthkenyon.com

*Attorneys for Plaintiffs*
*Fisher-Price, Inc. and Mattel, Inc.*

01:21441080.1