UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FISHER-PRICE, INC., et al.,
    Plaintiffs,

v.

DYNACRAFT BSC, INC.,
    Defendant.

Case No. 17-cv-3745-PJH

**ORDER GRANTING MOTION TO STAY**

Plaintiffs Fisher-Price, Inc. ("Fisher-Price") and Mattel, Inc. ("Mattel") filed this action on January 17, 2017, alleging that defendant Dynacraft BSC, Inc. ("Dynacraft") infringed U.S. Patent Nos. 7,222,684 ("the '684 patent"), 7,487,850 ("the '850 patent"), 7,621,543 ("the '543 patent"), 7,950,978 ("the '978 patent"). Mattel is the owner of the patents-in-suit by way of assignment, and has granted Fisher-Price exclusive licenses to make, use, and sell the inventions claimed by the four patents. See Cplt ¶¶ 8-16.

The case was originally filed in the District of Delaware, and was ordered transferred to the Northern District of California on June 26, 2017, for improper venue. On October 9, 2017, Dynacraft filed petitions for inter-partes review ("IPR") of the asserted claims in the patents-in-suit. Now before the court is Dynacraft's motion for an order staying the above-entitled action pending the IPR. Plaintiffs oppose the motion. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."

Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). In determining whether to grant a stay pending IPR, courts consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Evolutionary Intelligence, LLC v. Facebook, Inc., 2014 WL 261837 at *1 (N.D. Cal. Jan. 23, 2014); Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013).

The court finds that the first factor (stage of the litigation) favors a stay, because the parties have not engaged in discovery, the claims have not been construed, and no pretrial or trial dates have been set. While it is true that the motion to transfer venue (necessitated in part by the U.S. Supreme Court's ruling in TC Heartland LLC v. Kraft Foods Group Brands LLC, 137 S.Ct. 1514 (2017)), resulted in some delay in the progress of the case, it also appears from the entries on the docket that other factors entered into creating the delay. There is certainly no indication that Dynacraft was solely responsible for any delay.

The second factor (simplification of issues and trial) favors a stay or is at least neutral. Plaintiffs argue that because the Patent Trial and Appeal Board ("PTAB") has not yet determined whether to institute the IPRs, it is not possible to determine whether a stay will simplify the issues and the trial, and thus, assert that this factor favors denying the stay. The court notes, however, that the scope of the litigation will likely be significantly simplified and narrowed should the PTAB institute the IPRs and cancel or narrow any of the asserted claims. Accordingly, the court finds that a stay is appropriate at least until the PTAB has determined whether to institute the IPRs.

The third factor (prejudice to the nonmoving party) also favors a stay. Plaintiffs seem to be arguing that a delay in adjudicating their patent infringement claims will cause them prejudice, but courts have generally found that granting a stay does not cause the nonmoving party undue prejudice where the party has not invested substantial time and

2

expense in the litigation.  See, e.g., KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006) (citing Rohm and Haas Co. v. Brotech Corp., 24 U.S.P.Q. 2d 1369, 1372 (D. Del. 1992)); see also Longitude Licensing Ltd. v. Apple Inc., 2015 WL 12778777 at *6 (N.D. Cal. Oct. 29, 2015) (delay alone does not constitute undue prejudice because "parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework") (citations omitted).

The District of Delaware evaluates prejudice to the plaintiff and potential undue tactical advantage to the defendant by considering "(1) the timing of the reexamination request; (2) the timing of the request for stay; (3) the status of reexamination proceedings; and (4) the relationship of the parties." Ever Win Int'l Corp. v. Radioshack Corp., 902 F.Supp. 2d 503, 508 (D. Del. 2012).

With regard to the timing of the reexamination request, Dynacraft filed its IPR petitions within the one-year statutory limit set in 35 U.S.C. § 315(b).  Providing an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents, does not unduly prejudice the patent holder.  See Asatek Holdings, Inc. v. Cooler Master Co., Ltd., 2014 WL 1350813 at *5 (N.D. Cal. Apr. 3, 2014).  Given (as it appears from the docket) that plaintiffs did not serve Dynacraft with the summons and complaint until April 14, 2017, and given the necessity for Dynacraft to move for a change of venue, the court finds that Dynacraft did not delay unduly in filing the IPR petitions.

With regard to the timing of the stay request, the request for the stay was filed one day after the IPR petitions were filed.  Plaintiffs cannot claim that the timing of the request caused them any prejudice.

With regard to the status of reexamination proceedings, plaintiffs assert that because they have three months to file their preliminary response, and because the PTAB has three months from that date to decide whether to institute the IPRs, and a further 12 months to issue a decision as to any IPRs it accepts for review (plus a possible

3

1 6-month extension), it could well be two years before there is any resolution, and
2 Dynacraft would be able to continue its alleged infringement for the entire commercial
3 life-cycle of the accused products. However, as explained below, the initial term of the
4 stay will extend only to the date the PTAB determines whether to institute the IPRs,
5 which, according to plaintiffs' calculations, should occur within approximately five months
6 from the date of this order.

With regard to the relationship of the parties, it is true that Dynacraft and plaintiffs are competitors, and that competition between parties can weigh in favor of finding undue prejudice, see VirtualAgility, Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1318 (Fed. Cir. 2014), but plaintiffs have not provided compelling evidence that they would suffer competitive injury as a result of a stay. Moreover, Dynacraft has argued persuasively that any competitive injury could be remedied by monetary relief. Plaintiffs note that they are also seeking injunctive relief in addition to monetary relief, but the fact that the prayer for relief in the complaint seeks an order permanently enjoining Dynacraft from committing further acts of infringement of the patents-in-suit is not in itself evidence of irreparable harm.

The only one of these factors (for evaluating prejudice) that weighs against a stay is the third one – the status of re-examination proceedings. However, there appears to be some tension between the first two factors (the timing of the reexamination request and the timing of the stay request) and the third factor (the status of the IPR proceedings). That is, if a defendant waits until the PTAB has accepted review before filing the request for a stay, the defendant might be deemed to have waited too long to file the stay request, because at that point, the litigation of the case might be well advanced.

In any event, the court finds that a stay would be beneficial, at least until PTAB decides whether or not to institute the IPRs, and indeed has previously issued pre-institution stays. See Advanced Connection Tech., Inc. v. Toshiba Am. Info. Sys., Inc., 2013 WL 6335882 at *5 (N.D. Cal. Nov. 27, 2013); see also Polaris Innovations Ltd. v.

1  Dell Inc., Case No. 16-7005 (Dkt. 83, June 15, 2017); Cyber Switching Patents, LLC v.
2  Schneider Elec., Case No. 14-2692 (Dkt. 49, Feb. 20, 2015).

There is certainly a potential for gamesmanship arising from the availability of parallel proceedings for resolving the same dispute. However, "when a claim is cancelled" in any such parallel proceeding, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013); see also Pragmatus AV LLC v. Facebook, Inc., 2011 WL 4802958 at *3 (N.D. Cal. Oct. 11, 2011) (benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

Thus, given the potential for this litigation to become moot, and given the fact that this case is still at an extremely early stage, the court GRANTS the motion for a stay, pending the PTAB's decision regarding institution of the IPRs. The parties shall advise the court as soon as the PTAB has made its determination. The court will reconsider the advisability of the stay at that point, and is likely to continue the stay if the IPRs have been instituted. If the petitions are denied, the court will lift the stay, and will schedule a case management conference. The date for the hearing on this motion, previously set for November 15, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: November 7, 2017.

_____
PHYLLIS J. HAMILTON
United States District Judge